# United States District Court

### *District of Nebraska*

**THOMAS D. THALKEN**
*United States Magistrate Judge*

Roman L. Hruska U.S. Courthouse
Suite 2271
111 South 18th Plaza
Omaha, Nebraska 68102-1322
----------
e-mail: thalken@ned.uscourts.gov

TEL: (402) 661-7343

FAX: (402) 661-7345

October 4, 2010

**RE:**  David G. Ray, et al. v. Gilbert G. Lundstrom, et al.
8:10CV199

Dear Counsel:

This case has been assigned to the undersigned magistrate judge and Chief Judge Joseph F. Bataillon. The undersigned magistrate judge will handle all preliminary pretrial matters, except dispositive motions, i.e., motions to dismiss and motions for summary judgment.

Since January 6, 2003, all documents (including pleadings, briefs, and indices) filed or submitted to the District Court for the District of Nebraska must either be filed electronically or submitted to the Clerk's Office on a 3.5 inch disk in .pdf format. To obtain registration forms, review the CM/ECF administrative procedures, and to learn more about electronic filing, please visit our web site at http://www.ned.uscourts.gov/cmecf/index.html. You may also direct questions to our CM/ECF Help Desk: in Omaha at 1-866-220-4381, Option 0; or in Lincoln at 1-866-220-4379, Option 2.

### *Meet and Confer Obligations*

The Federal Rules of Civil Procedure require the parties to meet and confer and provide to the court a report of their conference. Plaintiff should initiate the scheduling of this conference. If the parties are agreeable, the conference can occur by telephone.

The court expects the parties to file a detailed report which includes, among other matters, the following subjects: (1) a statement of the elements of each claim and defense raised; (2) statement of how each party's disclosure will relate to the claim/defense raised by that party; (3) whether summary judgment motions may be appropriate, and, if so, what discovery must first take place; (4) whether the parties consent to disposition by a magistrate judge.

### *Initial Progression Order and Status Conference*

Relying upon the report provided by counsel, the magistrate judge will enter an **initial** progression order which will set deadlines for initial disclosures and authorize the commencement of discovery. Approximately ninety days into the case, a status conference will be held. Counsel will be required to participate, in person or by telephone. The initial progression order will contain a

setting of this status conference. The status conference will be held by the judge who has scheduling control over the trial judge's trial calendar to enable a more accurate trial setting. You are advised that the undersigned magistrate judge does have scheduling control over Judge Bataillon's trial calendar.

At the status conference, the court will ensure that the initial disclosure requirements have been met. The parties will be expected to have named all known lay witnesses and identified expert witnesses, even though disclosure of full reports may not yet have occurred. The court will rule on any outstanding discovery disputes. The parties will be expected to discuss and schedule the disclosure of expert witness reports and summary judgment motions. The court will explore the possibilities for mediation. The parties will be expected to have discussed settlement with their clients and obtained authority in advance of the status conference. A final progression order will be established. Finally, the case will be scheduled for trial for a week certain before the assigned district judge or magistrate judge. Based upon the trial schedule, a final pretrial conference date will be set, as well as a date for the formal close of all discovery.

### *Consent Trials*

With rare exceptions, assured special trial settings in this district are only provided when consenting to trial by magistrate judges. District judges' trial schedules are subject to "bumping" for criminal cases requiring trials under the Speedy Trial Act. Magistrate judges routinely provide assured, specially-set jury and non-jury trials.

A consent form is enclosed for your review. A consent to trial by a magistrate judge cannot be initiated by motion. Rather, all parties must sign the consent form and submit it to the chambers of the assigned district court judge. Upon the filing of the consent form, counsel will be contacted by the chambers of the magistrate judge regarding scheduling and establishing a special setting for trial. It is the court's experience that cases are most expeditiously handled when the issue of consent is considered early on in the scheduling of the case in order to provide the parties with a greater option of trial scheduling dates.

### *Deadline for Report to the Court*

Please review the enclosed form. It provides an agenda for the parties' initial conference. **I expect the parties to file the completed form on or before November 1, 2010.**

Thank you for your prompt attention to this matter.

Sincerely,

s/ Thomas D. Thalken
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) ) ) ) ) ) ) | : CV<br><br>REPORT OF PARTIES' RULE 26(f) PLANNING CONFERENCE |
| v. | | |
| Defendant. | | |

Counsel for the parties met on _____ in person/by telephone. Representing plaintiff was _____; representing defendant was _____. The parties discussed the case and jointly (except as noted below) make the following report:[1]

I.   Initial Matters:

   A.   <u>Jurisdiction and Venue</u>: The defendant does \_\_\_\_\_ does not \_\_\_\_\_ contest jurisdiction and/or venue.  If contested, such position is because:

      1.   Jurisdiction: _____.

      2.   Venue: _____.

   B.   <u>Immunity</u>: The defendant has raised \_\_\_\_\_ will \_\_\_\_\_ will not \_\_\_\_\_ raise an immunity defense.  If so:

      1.   Basis of Immunity Defense: _____.

      2.   The earliest defendant can file a motion to dismiss on the basis of immunity is:_____.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc.  If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

    C.    If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so:

        1.    The earliest a motion to dismiss or transfer will be filed is:_____.

        2.    The initial discovery, limited to that issue, that will be necessary to file or respond to the motion is _____

        _____ _____.

    D.    <u>Rule 11 Certification</u>: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).

        _____

        _____.

II.    Remaining Claims and Defenses:

    A.    <u>Plaintiff's Claims, Elements, Factual Application</u>: The elements of the plaintiff's remaining claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof *and* the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

        1.    CLAIM ONE:_____.

        Elements:_____

        _____

        _____

        _____.

        Factual Application: _____

        _____

        _____

        _____.

        Of these elements, defendant disputes the following numbered elements:

        _____.

(REPEAT FOR EACH CLAIM)

  B. <u>Defenses</u>. The elements of the remaining affirmative defenses raised by the pleadings are as follows: List each <u>affirmative defense</u> raised or expected to be raised by the defendant(s), the substantive elements of proof for it, *and* how the defendant claims the facts of this case make such defense applicable or established. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

    1. FIRST DEFENSE: _____.

     Elements: _____

     _____

     _____

     _____.

     Factual Application: _____

     _____

     _____

     _____.

     Of these elements, plaintiff disputes the following elements: _____

     _____.

(REPEAT FOR EACH DEFENSE)

III. Amending Pleadings; Adding Parties:

  A. The plaintiff does _____ does not _____ anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by _____.

   If more than sixty days, the reasons that much time is necessary are _____

   _____.

  B. The defendant does _____ does not _____ anticipate need to amend pleadings or add parties. If necessary, defendant can file the necessary motions to add parties or amend pleadings by_____.

   If more than sixty days, the reasons that much time is necessary are:_____

   _____.

   C. Plaintiff _____ will not _____ move for class certification. The proposed class is: _____.

    The earliest the motion for class certification can be filed is: _____
    _____.

IV. Dispositive Motion Assessment:

   A. The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: _____
    _____.

   B. The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment:_____
    _____.

   C. The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is_____.

    It can be completed, at the earliest, by _____.

V. Settlement:

   A. <u>Status/Assessment of Settlement Discussions</u>. Counsel state:

    _____ There have been no efforts taken yet to resolve this dispute.

    _____ This dispute has been the subject of efforts to resolve it _____ prior to filing in court; _____ after court filing, but before the filing of this report. Those efforts consisted of: _____
    _____.

    _____ Counsel believe that with further efforts in the *near* future, the case can be resolved, and the court is requested to delay entering an initial progression order for _____ days to facilitate immediate negotiations or mediation. Defendant's counsel will report to the court by letter at the end of this period on the status of such discussions.

    _____ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients *and* opposing counsel. Mediation ____ will be appropriate in this case at some point; _____ will not be appropriate

    because: _____.

  _____ This case can be settled, but settlement is not very likely, and negotiations will be difficult because: _____

  _____.

  _____ This case will not be settled because: _____

  _____.

 B. <u>Next Step</u>.  The *minimum* discovery needed to conduct further settlement discussions is:  By Plaintiff(s): _____.
By Defendant(s): _____.
This discovery will be completed by _____, and plaintiff(s) will then communicate to defendant(s) a written, updated settlement proposal.

VI. Discovery Plan: The parties submit the following plan for their completion of discovery:

 A. <u>Subjects for Discovery</u> (i.e., factual issues that discovery may resolve):

  _____

  _____

  _____.

 B. <u>Agreed Discovery Procedures</u>:

  1. Unique Circumstances.  The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:

   _____

   _____

   _____.

   Counsel have agreed to the following actions to address that difficulty:

   _____

   _____.

  2. Electronic Discovery Provisions:  Counsel have conferred  regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

      (a)      The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;
      (b)      The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;
      (c)      The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;
      (d)      Whether reasonable measures have been implemented to preserve such data;
      (e)      The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;
      (f)      The form and method of notice of the duty to preserve;
      (g)      Mechanisms for monitoring, certifying, or auditing custodial compliance;
      (h)      Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;
      (i)      Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;
      (j)      The anticipated costs of preserving these materials and how such costs should be allocated; and
      (k)      The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

\_\_\_\_\_ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

\_\_\_\_\_ The following provisions should be included in the court's scheduling order:
_____
_____.

3.      Disclosures[2] required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses \_\_\_\_\_ have been completed; \_\_\_\_\_ will be completed by:
_____

---

[2] See note 1, supra.

        _____.

4. Discovery will be conducted in stages or otherwise restricted, as follows (State agreed restrictions, stages, scheduling stays, etc.). NOTE: The court will expect discovery necessary to considering the matters in Parts IV and V above to be undertaken first, unless there is good reason to delay it. _____.

5. \_\_\_\_\_ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

6. \_\_\_\_\_ Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

7. \_\_\_\_\_ Depositions will be limited by Rule 30(d)(2), *except* the depositions of _____, which by agreement shall be limited as follows: _____

   _____.

8. If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by: _____.

9. The parties stipulate that they will be required to give at least \_\_\_\_\_ days' notice of their intention to serve records/documents or subpoenas on third parties, to enable court consideration of them, if necessary, prior to issuance.

10. Other special discovery provisions agreed to by the parties or suggested by either party are: _____

    _____.

VII. Consent to Trial Before Magistrate Judge:

The parties do \_\_\_\_\_ do not \_\_\_\_\_ consent to trial before a magistrate judge, and if so, will send \_\_\_\_\_ have sent \_\_\_\_\_ the executed consent form to the clerk's office. (The consent forms require original signatures).

VIII.   Trial Scheduling:

    A.   The parties now anticipate that the case can be ready for trial by \_\_\_\_\_, 20\_\_\_, and (if more than eight months from now) the special problems or circumstances that necessitate that much time for trial preparation are: _____
_____
_____.

    B.   Counsel think that the trial of this case, if necessary, will require \_\_\_\_\_ trial days.

    C.   <u>Jury Trial</u>:

        1.   \_\_\_\_\_ Having previously demanded jury trial, the plaintiff now waives jury trial.  Defendant will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        2.   \_\_\_\_\_ Having previously demanded jury trial, the defendant now waives jury trial.  Plaintiff will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        3.   \_\_\_\_\_ The parties disagree on whether trial by jury is available in this case. A motion to strike the _____'s demand for jury trial will be filed no later than _____.

IX.   Other: Other matters to which the parties stipulate and/or which the court should know or consider: _____
_____.

_____                  _____
Counsel for Plaintiff                            Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

_____, )   Case Number: \_\_\_:\_\_\_CV_____
                                 )
        Plaintiff,                )
                                 )
   v.                             )   **CONSENT TO EXERCISE**
                                 )   **OF JURISDICTION BY A**
                                 )   **UNITED STATES MAGISTRATE JUDGE**
_____, )   **AND**
                                 )   **ORDER OF REFERENCE**
        Defendant                 )

**CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment. Any appeal shall be taken to the United States court of appeals for this circuit.

| Signature of Attorney or Party | Name of Party | Date |
|---|---|---|
| _____ | For _____ | _____ |
| _____ | For _____ | _____ |
| _____ | For _____ | _____ |
| _____ | For _____ | _____ |
| _____ | For _____ | _____ |

**ORDER OF REFERENCE**

IT IS HEREBY ORDERED that this case be referred to the Honorable _____ _____, United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and the foregoing consent of the parties.

_____   _____
            Date                                United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

k:\clerk\proc\forms\consent.frm
08/15/03