IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID G. RAY, Individually and on behalf of all others similarly situated; GABRIEL D'SOUZA, VALENTINO GROUP,<br><br>Plaintiffs,<br><br>vs.<br><br>GILBERT G. LUNDSTROM, MICHAEL J. FALBO, TIERONE CORPORATION, EUGENE B. WITKOWICZ, CHARLES W. HOSKINS, JAMES A. LAPHEN,<br><br>Defendants. | **8:10CV199**<br><br>**ORDER** |
| DOUGLAS L. STEJSKAL,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERT G. LUNDSTROM,<br><br>Defendant. | **4:10CV3177**<br><br>**ORDER** |
| DOUGLAS L. STEJSKAL,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES A. LAPHEN,<br><br>Defendant. | **8:10CV332**<br><br>**ORDER** |

This matter is before the court on its own motion. The court has received and reviewed the plaintiffs' unopposed motion for preliminary approval of class action settlement and proposed order thereon and finds that a hearing on the motion is necessary. The parties should be prepared to address the following topics:

1.   The side-agreement regarding opt-out termination—the terms should be disclosed, or, if confidential, submitted to the court for in camera review.

2. The number and procedure to be followed by securities firms in turning over transfer records, and whether time limits are adequate.

3. The reasonable efforts that have or will be taken to locate class members.

4. Whether publication in <u>Investors Business Daily</u> and online on <u>GlobeNewswire</u> is reasonably calculated to provide notice to class members.

5. Whether the court's order of preliminary approval should recite the steps claimants must take or should merely incorporate the settlement agreement

6. Whether claimants should be informed in the notice, as well as in the proof of claim, that documentation must be submitted with the proof of claim.

7. Whether the requirement that claimants mail objections to law firms in addition to filing with the court, and the filing of certificates of service, is necessary.

8. Whether the time limits for filing objections to the attorney fee application or other papers are consistent.

9. Whether a requirement that claimants inform the court of intent to appear at the hearing fourteen days in advance thereof is reasonable.

10. Whether the language in the proposed order authorizing lead counsel to allocate funds for the Notice and Administration account is consistent with the settlement agreement.

11. Whether the court can make a finding that the notice complies with due process and that claimants will be forever barred from raising a due process challenge to notice.

IT IS ORDERED that a hearing on the motion for preliminary approval of class settlement is scheduled before the undersigned in Courtroom No. 3, Roman Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, on **June 20, 2012, at 9:00 a.m.**

DATED this 12th day of June, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge